IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ADRIAN M. MCELDERRY,<br><br>               Petitioner,<br>   vs.<br><br>LAKE COUNTY,<br><br>              Respondent. | Cause No. CV 23-46-M-DLC<br><br><br>ORDER |

This matter comes before the Court on an amended petition filed by Adrian McElderry ("McElderry") seeking habeas corpus relief pursuant to 28 U.S.C. 2254." (Doc. 5.) McElderry is a convicted state prisoner proceeding pro se.

This Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a). The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2).

It appears McElderry's petition may be untimely and/or procedurally defaulted. This Court is empowered to bypass a procedural issue, however, in the interest of judicial economy when the claim clearly fails on the merits. *See Flournoy v. Small*, 681 F. 3d 1000, 1004 n. 1 (9th Cir. 2012); *see also Franklin v. Johnson*, 290 F. 3d 1223, 1232 (9th Cir. 2001); *Lambrix v. Singletary*, 520 U.S.

1

518, 525 (1997) (noting in the interest of judicial economy, courts may proceed to the merits).  As explained herein, because McElderry's challenge to the State of Montana's jurisdiction lacks merit, the petition will be dismissed.

### Background/McElderry's Claims

On December 1, 2015, McElderry was sentenced to 60 years in the Montana State Prison for Mitigated Deliberate Homicide and Obstructing Justice in Montana's Twentieth Judicial District, Lake County.  (Doc. 5 at 2-3.)

McElderry asserts that he was never legally under state jurisdiction and, instead, should have been under federal jurisdiction.  In support of this contention, McElderry points out that he was an enrolled tribal member, his offense was committed on tribal land, he resided in tribal housing, and the victim of his offense was also a tribal member.  (*Id*. at 4.)  Thus, he believes that State of Montana was entirely without jurisdiction to prosecute him.  (*Id*. at 5.)  In an attachment to his amended petition, McElderry asserts that Lake County never legally introduced Public Law 280 to the Flathead Indian Reservation.  (*See Id*. at 9-12.)  Further, relying upon *McGirt v. Oklahoma*, 140 S. Ct. 2454 (2020), McElderry claims the state lacked jurisdiction to prosecute an enrolled tribal member on tribal land.  (*Id*.)  He asks this Court to reverse his state conviction.  (*Id*. at 7.)

### Analysis

Public Law 280, affirmatively granted certain states broad jurisdiction to

prosecute state-law offenses committed by or against Indians in Indian country.  18 U.S.C. § 1162; *see also Oklahoma v. Castro-Huerta*, 142 S Ct. 2486, 2499 (2022). Of the seven Indian reservations in Montana, the only tribes to have met the requirements set forth in PL–280 are the Confederated Salish and Kootenai Tribes (CSKT) of the Flathead Indian Reservation.  *In re Est. of Big Spring*, 2011 MT 109, ⁋ 47, 360 Mont. 370, 255 P.3d 121.

In 1953, Congress enacted Public Law 280 or "PL 280" to grant certain states criminal jurisdiction over Indians on reservations and to allow civil litigation that had come under tribal or federal court jurisdiction to be handled by state courts. *See* 18 U.S.C. § 1162; 67 Stat. 590. Although Montana was not one of the states originally named in the law, PL 280 § 7 permitted Montana to assume such jurisdiction. *Lozeau v. Anciaux*, 397 Mont. 312, 449 P.3d 830, 832 (2019); *see* 25 U.S.C. § 1321. In 1963, the State voluntarily established a consent procedure with the CSKT. *See* Mont. Code Ann. §§ 2–1–301 to –307. Consistent with this process, the CSKT enacted an ordinance on May 16, 1964, consenting to the State's exercise of concurrent criminal jurisdiction; the ordinance was clarified on May 5, 1965, to include consent to civil jurisdiction. *Lozeau*, 449 P.3d at 833. On June 30, 1964—and then again on October 8, 1965—then-Governor Tim Babcock issued a proclamation giving effect to the State's assumption. *See id;* § 2–1–302. In 1993, the CSKT later withdrew their consent to State jurisdiction over criminal

misdemeanors, which was affirmed on September 30, 1994 via proclamation by then-Governor Marc Racicot. *Lozeau*, 449 P.3d at 833; § 2–1–306. As it relates to the interplay between PL 280 and the Hellgate Treaty, PL 280 is recognized as a "valid abrogation of a tribe's jurisdictional treaty rights." *Lozeau*, 449 P.3d at 834.[1] Thus, under present state law, the State of Montana properly exercised jurisdiction over McElderry's criminal activity committed on CSKT land.

Moreover, it is not for this Court to reexamine the state court's determination on this state law issue. *See Waddington v. Sarausad,* 555 U.S. 179, 192 n. 5 (2009) ("we have repeatedly held that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions") (citation and internal quotations omitted); *Bradshaw v. Richey,* 546 U.S. 74, 76 (2005) ("a state court's interpretation of state law… binds a federal court sitting in habeas corpus"); *see also Holgerson v. Knowles,* 309 F.3d 1200, 1202 (9th Cir.2002), *cert. denied,* 538 U.S. 1005 (2003) (federal habeas court "bound by California's interpretation of its state law") (citation omitted).

Additionally, McElderry's reliance upon *McGirt v. Oklahoma* is misplaced. There, the United States Supreme Court reversed the state court conviction of a member of the Seminole Nation who committed crimes on reservation land against

---

[1] *See also In re Conditions at Lake County Jail*, CV 22-127-M-DWM, 2022 WL 16636450, at *2 (D. Mont. Nov. 2, 2022).

4

another tribal member. *McGirt*, 140 S. Ct. 2459-60 (2020). That case concerned whether McGirt's crimes were committed on reservation land and, therefore, subject to the Major Crimes Act, 18 U.S.C. § 1153. The Major Crimes Act ("MCA") grants the federal government exclusive jurisdiction for major felony crimes committed by "any Indian who commits" certain offenses "against the person or property of another Indian or any other person" in "Indian country." 18 U.S.C. § 1151(a). In *McGirt*, the Supreme Court concluded that that the Creek Nation's reservation in eastern Oklahoma was never de-established by Congress, such that it remained "Indian Country" under the MCA, and only the federal government and tribal courts have jurisdiction to try "any Indian" for conduct committed on land reserved for the Creek Nation. *McGirt*, 140 S. Ct. at 2459-60. But McElderry has not presented any legal argument that would support a finding of exclusive federal or tribal jurisdiction over CSKT's land.

As set forth above, Public Law 280 provides the State of Montana with the jurisdiction to prosecute felony offenses within CSKT tribal lands. Moreover, the Supreme Court recently affirmed the validity and significance of Public Law 280 in affording States broad criminal jurisdiction over crimes committed in Indian country, including "crimes committed by Indians." *Castro-Huerta*, 142 S. Ct. 2500. In short, McElderry has failed to establish that he is in custody in violation of the Constitution or laws of the United States. *See* 28 U.S.C. § 2254(a).

Accordingly, he is not entitled to federal habeas relief.

**Certificate of Appealability**

A prisoner seeking relief under § 2254 may appeal a district court's dismissal of the petition only after obtaining a certificate of appealability (COA) from a district or circuit judge.  A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right."  See 28 U.S.C. § 2253(c)(3).  A prisoner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issue presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

The Court finds that McElderry has not made a substantial showing of the denial of a constitutional right.  Therefore, a certificate of appealability will not issue in this action. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Miller-El*, 537 U.S. at 336; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Based on the foregoing, the Court enters the following:

**ORDER**

1.  The Amended Petition (Doc. 5) is DISMISSED.

2.  The Clerk of Court is directed to enter by separate document a judgment in favor of Respondent and against Petitioner.

3.  A certificate of appealability is DENIED.

DATED this 17th day of August, 2023.


                              */s/ Dana L. Christensen*
                              Dana L. Christensen
                              United States District Court Judge